IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JEFFREY SCOTT OTTO,

    Plaintiff,

vs.

TRANSUNION, LLC, et al.,

    Defendants.

Case No. 6:21-cv-00379-AA
**OPINION AND ORDER**

AIKEN, District Judge:

    This matter comes before the Court on Defendant JPMorgan Chase Bank, N. A. ("Chase")'s Partial Motion to Dismiss for Failure to State a Claim, ECF No. 50. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

    On June 13, 2018, Plaintiff Jeffery Scott Otto filed a voluntary petition for Chapter 13 bankruptcy. Compl. ¶ 75. ECF No. 1. Plaintiff's Chase account was

included in his bankruptcy filing and Chase was identified as an unsecured creditor. *Id.* at ¶¶ 12, 78. Plaintiff obtained a bankruptcy discharge on March 11, 2020. *Id.* at ¶ 83.

On November 9, 2020, plaintiff ordered a three-bureau credit report from Experian. Compl. ¶ 84. Plaintiff identified several entries in his report which he believed were inaccurate, misleading, or incomplete. *Id.* at ¶¶ 84-85. Plaintiff mailed letters disputing the allegedly inaccurate tradelines to Experian, Equifax, and TransUnion on December 12, 2020. *Id.* at ¶ 86. The dispute letters asserted that "Plaintiff's accounts were each inaccurately reporting with multiple charge off notations, were not being reported correctly since his bankruptcy filing, and requested each be updated to remove post-discharge reporting." *Id.* at ¶ 88. Plaintiff believes that the dispute letters were forwarded to Chase as a data furnisher. *Id.* at ¶ 92.

With respect to his Chase account, Plaintiff asserts that Chase "reported late payment history during the bankruptcy and post-discharge on his account," and "his [Chase] account is being reported as a charge off more than once, which is inaccurate." Compl. ¶ 12. Plaintiff asserts that a charge off "is a one-time event, and a single debt cannot be charged off repeatedly." *Id.* at ¶ 14.

A "charge off" means that the creditor has "changed the outstanding debt from a receivable to a loss in its own accounting books." *In re Anderson*, 884 F.3d 382, 385 (2d Cir. 2018). Plaintiff alleges that Chase reported Plaintiff's account as a charge off from January 2017 to June 2018, and from June 2019 to May 2020.

Page 2 – OPINION AND ORDER

Compl. ¶ 135. Plaintiff alleges that by reporting his account as a charge off, Chase damaged Plaintiff's FICO score and that the reporting "adversely affected Plaintiff when potential lenders were making credit decisions regarding Plaintiff and their willingness to extend credit." *Id.* at ¶ 146.

On January 20, 2021, Plaintiff again ordered his credit report from Experian. Compl. ¶ 93. Plaintiff alleges that Chase did not update its reporting of his account with Equifax after his dispute. *Id.* at ¶ 138.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Factual allegations must "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and present more than "the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

While considering a motion to dismiss, the Court must accept all allegations of material fact as true and construe them in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the

pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Plaintiff Jeffrey Scott Otto filed this action on March 12, 2021, alleging that defendant Chase violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681i(a)(1) and 1681s-2(b) by providing inaccurate information to Credit Reporting Agencies ("CRAs"), and by failing to reasonably investigate Plaintiff's report of an inaccuracy in his credit history. Plaintiff asserts that Chase inaccurately reported the status of Plaintiff's delinquent account by reporting it as "charged off" for multiple consecutive months, which Plaintiff alleges was in violation of the FCRA and industry standards. Chase moves to dismiss Plaintiff's claims to the extent that they rest on the Chase having reported Plaintiff's account as "charged off" for multiple consecutive months as incomplete, inaccurate, or misleading.

Of note, Plaintiff also alleges that Chase reported Plaintiff's account as delinquent for three months during the pendency of Plaintiff's Chapter 13 bankruptcy. Chase does not move to dismiss Plaintiff's claims in connection with that allegation, Def. Mot. at 2 n.1, and so the Court does not address that claim here.

The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)). To effectuate its purpose, the FCRA

imposes duties on credit reporting agencies and on "furnishers" of credit information. *Id.* at 1153-54. A furnisher cannot report "any information relating to a consumer to any consumer reporting agency if [the furnisher] knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). If a consumer disputes reported information, the furnisher, upon receiving notice of the dispute, must conduct a reasonable investigation and report its findings to the credit reporting agencies. *Gorman*, 584 F.3d at 1156-57.

Consumers may bring a private right of action under the FCRA against a furnisher who, after receiving notice of a dispute, fails to conduct a reasonable investigation or continues to provide inaccurate information following investigation. *Gorman*, 584 F.3d at 1162 (citing 15 U.S.C. § 1681s-2(b)). "[A] credit entry can be 'incomplete or inaccurate' within the meaning of the FCRA 'because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Id.* at 1163 (quoting *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998)).

In this case, Plaintiff alleges that it was patently inaccurate for Chase to report the same account as a charge off multiple times. Compl. ¶ 135. Plaintiff asserts that "if a debt is charged off, it can only be charged off one time and not recurring on a monthly basis." *Id.*

"'Charge off' is a term of art for credit providers, understood as writing off a debt as a loss because payment is unlikely." *Makela v. Experian Info. Sols., Inc.*, Case No. 6:21-cv-00386-MC, 2021 WL 5149699, at *3 (D. Or. Nov. 4, 2021) (internal

quotation marks and citation omitted). "Banks under the purview of the Federal Reporting Agency . . . are required to charge off delinquent accounts after 180 days or else their balance sheets would 'misleadingly reflect accounts as assets that have little chance of achieving their full valuation.'" *Id.* (quoting *Artemov v. TransUnion LLC*, No. 20-cv-1892, 2020 WL 5211068, at *3 (E.D.N.T. Sept. 1, 2020)). The FCRA allows credit reporting agencies to retain a charged off notation for a debt on a consumers credit report for up to seven years. 15 U.S.C. § 1681c(a)(4). As Judge McShane recently observed in a similar case, "[a] consumer's debt does not simply disappear when a creditor charges off her debt." *Makela*, 2021 WL 5149699, at *3; *see also Artemov*, 2020 WL 5211068, at *4 (charging off a debt "does not diminish the legal right of the original creditor to collect the full amount of the debt." (internal quotation marks and citation omitted)).

District courts have routinely rejected Plaintiff's argument that reporting recurring charge offs is incorrect or misleading such that it violates the FCRA. *See, e.g., Makela*, 2021 WL 5149699, at *3 (collecting cases); *Nichols v. Credit Union One*, Case No. 2:17-cv-02337-APG-EJY, 2020 WL 5821828, at *3 (D. Nev. Sept. 30 2020) ("There is no evidence that reporting charge-off on a single tradeline in consecutive months would be misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." (internal quotation marks and citation omitted)); *Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 961 (E.D. Mich. 2016) ("[T]here is nothing to indicate, as Plaintiff intimates, that anyone would believe there has been more than one charge off because, as all parties agree,

Page 6 – OPINION AND ORDER

there is only one charge off event."). The Ninth Circuit has also recently that "[t]he report of multiple charge-offs does not support a plausible claim under [the FCRA] because [the plaintiff] failed to plead that anyone would believe that the account had been charged off more than once," and it was "undisputed that an account can be charged off only once." *Steinmetz v. Am. Honda Fin. Corp.*, 835 F. App'x 199, 201 (9th Cir. 2020) (citation omitted).

Here, the Court joins the growing consensus and concludes that repeatedly reporting a delinquent account as charged off is not inaccurate withing the meaning of the FCRA. However, this determination is subject to an important caveat. The Court notes that Plaintiff has alleged that his debt to Chase was discharged in bankruptcy in March 2020, but that Chase continued to report the amount owed as a charge off in April 2020 and May 2020. Compl. ¶ 135. Although a charged off debt is treated as a loss for purposes of accounting, the debt is not forgiven and creditors can still pursue it. *See Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1297 (11th Cir. 2016) ("But charging off a debt does not diminish the legal right of the original creditor to collect the full amount of the debt."); *see also Williams v. Equifax Info. Servs., LLC*, No. ED CV18-02457 JAK (SHKx), 2019 WL 3243737, at *4 n.3 (C.D. Cal. May 6, 2019) (noting that a charged off debt is legally valid and remains enforceable). The Court concludes that successive reports of a charged off debt will not support a claim under the FCRA, but this ruling does not reach the post-discharge period from April 2020 to May 2020 when Plaintiff alleges that Chase continued to report the debt as charged off. *See Doster v. Experian Info.*

*Sol., Inc.*, Case No. 16-CV-04629-LHK, 2017 WL 264401, at *5 (N.D. Cal. Jan. 20, 2017) (noting that "the legal status of a debt does not change until the debtor is discharged from bankruptcy" and "it is not misleading or inaccurate to report delinquent debt during the pendency of a bankruptcy proceeding but before discharge."); *Nissou-Rabban v. Capital One Bank (USA), N.A.*, Case No. 15cv1675 JLS (DHB), 2016 WL 4508241, at *4 (S.D. Cal. June 6, 2016) (when the plaintiff's debt was discharged in bankruptcy in February 2015, it was not patently incorrect or misleading for the creditor to list a charge off of the delinquent account in December 2014 and January 2015) .

In sum, the Court grants Chase's motion only to the extent that it moves against Plaintiff's claim that it is inaccurate or misleading to successively report a debt as charged off. The Court does not grant the motion with respect to Plaintiff's claim that the Chase's report of the debt as charged off in April 2020 and May 2020 was inaccurate or misleading.

With respect to Plaintiff's claim that Chase violated the FCRA by failing to comply with industry standards, that claim has similarly been rejected by district courts around the country. *See, e.g., Erenthal v. Experian Info. Sol., Inc.*, Case No. CV 20-2785-DMG (RAOx), 2021 WL 941404, at *4 (C.D. Cal. Feb. 26, 2021) (holding "industry standards such as the Metro 2 guidelines are not binding, and violating them does not amount to a *per se* FCRA violation."); *Giovanni v. Bank of Am., N.A.*, No. C 12-02530 LB, 2013 WL 1663335, at *5-6 (N.D. Cal. Apr. 17, 2013) (holding that, without more, deviation from the Metro 2 guidelines does not make a report

inaccurate or incomplete).  To the extent Plaintiff seeks to base his FCRA claims on an alleged violation of industry standards, Chase's motion to dismiss is granted.

## CONCLUSION

Defendant JP Morgan Chase Bank's Partial Motion to Dismiss, ECF No. 50, is GRANTED in part and DENIED in part as set forth above.  The parties are directed to contact Courtroom Deputy Cathy Kramer to schedule a status conference in this matter.

It is so ORDERED and DATED this  15th  day of March 2022.

/s/Ann Aiken

Ann Aiken
United States District Judge

Page 9 – OPINION AND ORDER